IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE E. DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WELLS FARGO BANK, NA AS | § | CIVIL ACTION NO. 3:14-CV-01977 |
| TRUSTEE FOR THE POOLING | § | |
| AND SERVICING AGREEMENT | § | |
| DATED AS OF APRIL 1, 2004 | § | |
| ASSET BACKED SECURITIES | § | |
| CORPORATION HOME EQUITY | § | |
| LOAN TRUST 2004-HE2 ASSET | § | |
| BACKED PASS-THROUGH | § | |
| CERTIFICATES SERIES 2004-HE2 | § | |
| and OCWEN LOAN SERVICING, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

## Notice of Removal of Civil Action

Defendants Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement Dated as of April 1, 2004 Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE2 Asset Backed Pass-Through Certificates, Series 2004-HE2 ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   Background

1. On May 2, 2014, Plaintiff George E. Dixon ("Dixon" or "Plaintiff") filed "Plaintiff's Original Petition" (the "Complaint") in an action styled *George E. Dixon vs. Wells Fargo Bank, NA as Trustee for the Pooling and Servicing Agreement Dated as of April 1,*

*2004 Asset Backed Securities Corporation Home Equity Loan Trust 2004-HE2 Asset Backed Pass-Through Certificates Series 2004-HE2 and Ocwen Loan Servicing, LLC* pending in the 162nd Judicial District Court of Dallas County, Texas, Cause No. DC-14-04751 (the "State Court Action"). A copy of Plaintiff's Complaint in the State Court Action is attached as **Exhibit A-2** and incorporated herein by reference.[1]

2.  In his lawsuit, Plaintiff seeks declaratory relief to prevent the foreclosure of Defendant Wells Fargo's lien on the property located at 153 Meadowcreek Road, Coppell, Texas 75019 (the "Property").[2] Plaintiff alleges that Defendants breached a 2007 "cure agreement" on his Texas Home Equity loan.[3] Plaintiff claims Defendants improperly rejected his last "cure" payment in August 2007, then declared him to be in default and commenced foreclosure proceedings.[4] Plaintiff further alleges that in 2011 Defendants failed to use hazard insurance proceeds for repairs, and have "absconded" with the insurance funds.[5] Finally, Plaintiff alleges that Defendants failed to apply three payments in 2007.[6] Plaintiff asserts causes of action for breach of contract, conversion/misappropriation, and "lender liability/special relationship."[7]

---

[1] "Plaintiffs' Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief" is cited herein as "Compl."

[2] *See* Compl. at ¶¶ 8, 37-40.

[3] *See id*. at ¶¶ 11-15, 26-28.

[4] *See id*.

[5] *See id*. at ¶¶ 16-18, 29-30.

[6] *See id*. at ¶ 19.

[7] *See id*. at ¶¶ 26-36.

3. In addition to declaratory relief, Plaintiff seeks between $200,000 and $1,000,000 in damages, as well as attorneys' fees, interest and costs.[8]

4. Both Wells Fargo and Ocwen were served with process on May 8, 2014. This Notice of Removal is filed within thirty (30) days of service of the lawsuit, and removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

## II.   Basis for Removal: Diversity Jurisdiction

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between the Plaintiff and Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists.

6. Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.  Plaintiff alleges that he resides in Dallas County, Texas.[9] Since Plaintiff is domiciled in Texas, he is a citizen of Texas for the purposes of diversity jurisdiction.

7. Defendant Wells Fargo is the trustee of a trust.  When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[10]  Wells Fargo was at the time of filing this action, has been at all times since, and still is, a national

---

[8] *See id*. at ¶¶ 4, 28, 29.

[9] *See id*. at ¶ 5.

[10] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008).

association with its main office in South Dakota, as specified in its articles of association. In *Wachovia Bank, N.A. v. Schmidt*,[11] the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.[12]  Therefore, Wells Fargo is a citizen of South Dakota.

8. Defendant Ocwen is a Delaware limited liability company with its principal place of business in Florida.  For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members.  The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc.  Ocwen Mortgage Servicing, Inc. is a citizen of the U.S. Virgin Islands, the territory in which it is incorporated.  Ocwen Loan Servicing, LLC is therefore a citizen of Florida and the U.S. Virgin Islands.

**B.    Amount in Controversy Exceeds $75,000.**

9. Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[13]  Here, Plaintiff seeks over $200,000 in damages plus attorney's fees.[14]  This obviously exceeds the jurisdictional threshold necessary for removal.

---

[11] 546 U.S. 303 (2006).

[12] 546 U.S. at 307; *see* 28 U.S.C. § 1348 (2006).

[13] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[14] *See* Compl. at ¶¶ 4, 28, 29, 40.

10.     Plaintiff also alleges he is the owner of the Property and seeks declaratory relief to prevent foreclosure.[15]  In a recent Fifth Circuit opinion directly on point, the Fifth Circuit held "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[16]  In *Farkas*, the plaintiff sought injunctive and declaratory relief to stop the foreclosure sale of his properties.[17]  The Fifth Circuit held that the relief sought by the plaintiff "establishe[d] the properties as the object of the present litigation" and "[a]s this court has explained, 'the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.'"[18]  The Fifth Circuit held "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."[19]

11.     In this case, Plaintiff seeks declaratory relief to stop Defendants from foreclosing the Property.  This case fits squarely within the parameters of *Farkas*.  Therefore, the fair market value of the Property is the proper measure of the amount in controversy in addition to the alleged damages.

---

[15] *See* Compl. at ¶¶ 37-40.

[16] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

[17] *Id.*

[18] *Id.* (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).

[19] *Id.*

12. Here, Plaintiff is seeking to protect and maintain possession of the Property, and the value of the Property for 2014 as determined by the Dallas County Appraisal District is $422,570.[20] Therefore, the amount in controversy exceeds $75,000, exclusive of interests and costs.

### III.   Venue

13. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 162nd Judicial District Court of Dallas County, Texas, the forum in which the removed action was pending.

### IV.   Additional Requirements

14. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A:** | Index of all documents that clearly identifies each document and indicates the date the document was filed in state court; |
| **Exhibit A-1:** | Copy of the docket sheet; |
| **Exhibit A-2-7:** | All state court filings; |
| **Exhibit B:** | List of Counsel; |
| **Exhibit C:** | Notice to the District Court of Dallas County, Texas of Removal to Federal Court; and |
| **Exhibit D:** | Dallas County Appraisal Summary. |

15. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Dallas County, Texas. Plaintiff has made a jury demand.

---

[20] *See* Dallas County Appraisal District Summary at **Exhibit D**, attached and incorporated by reference. It is appropriate for the court to take judicial notice of the appraised value of the property because it is a matter of public record and the information is capable of accurate and ready determination by resorting to sources whose accuracy cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

Therefore, Defendants give notice that the above-referenced action now pending against them in the 162nd Judicial District Court of Dallas County, Texas has been removed to this Court.

Respectfully submitted,

By: */s/ Sahar H. Shirazi*
   **Cody P. Peterson**
   Texas Bar No. 24051188
   Federal Bar No. 608096
   **Sahar H. Shirazi**
   Texas Bar No. 24085809
   Federal Bar No. 2149563
   **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
   1301 McKinney Street
   Suite 3700
   Houston, Texas 77010
   (713) 650-9700 – Telephone
   (713) 650-9701 – Facsimile
   cpeterson@bakerdonelson.com
   sshirazi@bakerdonelson.com

   **ATTORNEYS FOR DEFENDANTS**

**Of Counsel:**

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

## Certificate and Notice of Filing

I certify that on June 2, 2014, Notice of Removal was sent to the District Clerk of Dallas County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the Plaintiff's counsel.

/s/ *Sahar H. Shirazi*
Sahar H. Shirazi

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via Certified Mail, Return Receipt Requested and First Class Regular Mail pursuant to the Federal Rules of Civil Procedure on June 2, 2014:

Terry P. Gorman
Gorman Law Offices, P.C.
15950 N. Dallas Parkway, Suite 400
Dallas, Texas  75248
Via CM/RRR:  7013 0600 0002 0587 1488

/s/ *Sahar H. Shirazi*
Sahar H. Shirazi