IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE E. DIXON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No.  3:14-CV-1977-M-BK |
| | § | |
| **WELLS FARGO BANK, N.A.** and | § | |
| **OCWEN LOAN SERVICING, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The Court now considers Defendant's *Motion to Dismiss*.  Doc. 6.  For the reasons that follow, it is recommended that the motion be **GRANTED IN PART**.

**I.  PROCEDURAL BACKGROUND**

In May 2014, Plaintiff brought this action in state court in connection with Defendants' attempted foreclosure of his home.  He alleges that in December 2003, he executed a note in connection with a home equity loan.  Doc. 1-3 at 5.  In early 2007, Plaintiff became delinquent in his payments on the note.  However, he claims that by April 2007, he had reached an agreement (the "2007 Cure Agreement") with Defendant Wells Fargo Bank, N.A. ("Wells Fargo") whereby the delinquency was resolved following several "cure payments" totaling approximately $75,000, and the note was deemed current.  Plaintiff contends that Wells Fargo rejected the last of his cure payments, however, and informed him that he was still in default on the note.  Doc. 1-3 at 5-7.

Plaintiff next alleges that in 2011, his house was damaged during a hail storm, and his home owners' insurance carrier issued a check for approximately $9,500 to repair the damages,

but Wells Fargo "absconded" with the money. Doc. 1-3 at 7. Plaintiff contends that when he asked about the money, Wells Fargo informed him that it was applying the proceeds toward the mortgage note rather than his home repairs, but he has since learned that the money was not applied toward his note. Doc. 1-3 at 7. Plaintiff alleges that Defendant Ocwen Loan Servicing ("Ocwen") is now seeking to enforce the loan agreement underlying the note by initiating foreclosure proceedings. Doc. 1-3 at 8. Plaintiff brings causes of action for (1) Wells Fargo's breach of the 2007 Cure Agreement when it began foreclosure proceedings with Ocwen's assistance; (2) Defendants' conversion of $85,000 which it "ignored" and misapplied; (3) lender liability based on Defendants' "special relationship" with Plaintiff; and (4) a declaratory judgment. Doc. 1-3 at 8-11. Defendants removed the case to this Court based on diversity jurisdiction and now move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 1; Doc. 6.

## II.  MOTION TO DISMISS

### A.  Rule 12(b)(6) Standard

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When considering a Rule 12(b)(6) motion, a court

may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

**B.     Arguments and Analysis**

*1. Breach of the 2007 Cure Agreement*

Defendants first contend that Plaintiff's breach of contract claim fails because he has not identified the specific provision in the 2007 Cure Agreement that Defendants are alleged to have breached, and he has not pled damages. Doc. 6 at 13-14. Additionally, Defendants assert that no claim for breach of contract can be brought where, as in this case, the deed of trust specifically grants the defendant the right to foreclose if the plaintiff defaults.[1] Doc. 6 at 14-15. Further, Defendant contends that Plaintiff's contract and other claims are barred by the doctrine of judicial estoppel because he did not disclose them in Chapter 13 bankruptcy petitions that he filed in 2007, 2010, and 2012. Doc. 6 at 19. Plaintiff responds that he has adequately pled all of the elements and facts necessary to sustain a breach of contract action, and Defendants' judicial estoppel argument fails because his bankruptcies were never adjudicated on the merits. Doc. 7 at 5, 7.

As an initial matter, Defendants' contention that Plaintiff's claims are barred by judicial estoppel is misplaced because Plaintiff did not persuade the bankruptcy judges to accept his position in any of those matters. *See In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 332 n.18 (5th Cir. 2007) (holding that judicial estoppel requires that, *inter alia*, the party against whom estoppel is sought must have succeeded in persuading a court to accept its earlier position). Two

---

[1] Defendants also argue that Plaintiff is raising additional claims for breaches of contract that occurred in 2004 and 2007, Doc. 6 at 13, but the undersigned does not read the complaint so broadly.

of Plaintiff's bankruptcy cases were dismissed on procedural grounds when he failed to file necessary documents and the third was dismissed as abusive. *See In re Dixon*, No. 07-31178-sgj13, Doc. 9; *In re Dixon*, 10-37510-sgj13, Doc. 15; *In re Dixon*, No. 12-31977-bjh13, Doc. 23.[2]

Turning to the merits, under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). Here, Plaintiff has alleged that (1) he and Wells Fargo entered into the 2007 Cure Agreement to cure the default on his mortgage note; (2) he paid or attempted to pay all amounts due, thereby tendering performance; (3) Defendants breached the Cure Agreement by moving ahead with a foreclosure that was, at the time the complaint was filed, planned for May 6, 2014; and (4) as a result, he has sustained damages estimated to exceed $200,000. Doc. 1-3 at 3, 8-9. This is sufficient to state a claim for breach of contract. *Compare Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 12-cv-2054-M, 2013 WL 664687, *5 (N.D. Tex. 2013) (Ramirez, M.J.), *adopted by* 2013 WL 673898 (N.D. Tex. 2013) (Lynn, J.) (dismissing a breach of contract claim where the plaintiff had not identified the provisions of the deed of trust or related agreements that the defendants had purportedly violated and had failed to allege any facts to support her formulaic recitation of the elements of her claim) *with Watson v. Citimortgage, Inc.*, 814 F.Supp.2d 726, 732 (E.D. Tex. 2011) (holding that the plaintiff's

---

[2] Contrary to Plaintiff's argument, Doc. 7 at 3-4, the Court may, and does, take judicial notice of the bankruptcy court's records pursuant to Federal Rule of Evidence 201. *See Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that a district court may take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering judgment in favor of one party over the other party).

allegation that the defendant bank had failed to provide proper notice in accordance with the note and deed of trust prior to acceleration of the debt and, therefore, had no authority under the deed to appoint a substitute trustee was sufficient to state a claim for breach of contract). Accordingly, Plaintiff's breach of contract claim should not be dismissed.

*2. Conversion*

Defendants argue that Plaintiff's tort claim of conversion stems from their alleged breach of a contractual duty and is thus barred by the economic loss doctrine. Doc. 6 at 16-17. Additionally, Defendants assert that Plaintiff has failed to plead two of the requisite elements of conversion, namely that he demanded return of the property and that Defendants refused to return it. Doc. 6 at 17-18.

Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Sw. Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Nevertheless, if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract. The economic loss rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). To determine whether a plaintiff may recover on a tort theory, courts look at the nature of the plaintiff's loss. *See Sterling Chems., Inc. v. Texaco, Inc*., 259 S.W.3d 793, 796-98 (Tex. App.–Houston [1st Dist.] 2007). A claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract. *Id.*

Although phrased in terms of conversion, Plaintiff is essentially alleging that Defendants breached the 2007 Cure Agreement by failing to properly apply his cure payments toward his loan obligations under the note. Similarly, with regard to the property insurance proceeds, any

obligation of Defendants to remit the funds to Plaintiff to pay for repairs is based in contract as Defendants have no basis to accept, apply, or otherwise use the insurance proceeds apart from their obligations under the deed.  *See* [Doc. 6-1 at 12](#) (deed of trust provision providing that the lender may retain property insurance proceeds if its security interest in the property would be lessened by the release of such funds to the borrower, and the lender shall apply the insurance proceeds to the sums secured by the note).[3]  Thus, the only loss Plaintiff appears to assert in support of his conversion claim is loss of funds relating to Defendants' alleged contractual obligations.  This is precisely the type of economic loss that is not recoverable in tort.  *See* [*Roubinek v. Select Portfolio Servicing Inc.*, No. 11-cv-3481-D, 2012 WL 2358560, \*5 (N.D. Tex. 2012)](#) (Fitzwater, C.J.) (dismissing a conversion claim that was based on the allegation that the defendant had breached the terms of a loan agreement by failing to apply the plaintiff's mortgage payments toward his loan obligations); [*Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 275 (Tex. App.–Tyler, 2003)](#) (applying the economic loss doctrine to bar a conversion claim where the plaintiff's loss was entirely based on the subject matter of the contracts).  Accordingly, dismissal of Plaintiff's conversion claim with prejudice is warranted.  *See* [*McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998)](#) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

    3. *Lender Liability Based on a Special Relationship*

---

[3] While Plaintiff takes issue with the Court considering allegedly "unauthenticated" documents Defendants have attached to their dismissal motion, consideration of documents such as deeds of trust and notes is commonplace in foreclosure cases and entirely permissible.  *See* [*Katrina Canal*, 495 F.3d at 205](#).  Moreover, although Plaintiff asserts that the documents are unauthenticated, he does not challenge their substantive accuracy.  *See* [*Berry v. Indianapolis Life Ins. Co.*, 600 F.Supp.2d 805, 812 (N.D. Tex. 2009)](#) (Boyle, J.) (declining to strike documents attached to the defendant's appendix in support of its motion to dismiss where the plaintiff argued that the documents were unauthenticated but did not dispute their authenticity).

Defendant argues next that Plaintiff's attempt to state a claim against them for "lender liability/special relationship" must fail because no such special relationship exists as a matter of law.  Doc. 6 at 18.  Plaintiff contends in response that such a relationship does exist between a home equity borrower and a home equity lender.  Doc. 7 at 6.

The Court of Appeals for the Fifth Circuit recently held that there is no special relationship between a home equity mortgagee and mortgagor.  *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 677 (5th Cir. 2013) (citing *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W. 2d 706, 709 (Tex. 1990)).  Accordingly, this claim should be dismissed with prejudice. *McConathy*, 131 F.3d at 61-62.

   *4. Declaratory Relief*

Defendant argues that because Plaintiff's claims for substantive relief are subject to dismissal, his request for declaratory relief fails as well.  Doc. 6 at 20-21.  Plaintiff responds that he is entitled to a declaration clarifying the uncertainties surrounding the status and impact of the 2007 Cure Agreement and the amounts properly due under his mortgage note.  Doc. 7 at 7.

When a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *Turner v. AmericaHomeKey, Inc.*, No. 11-cv-0860-D, 2011 WL 3606688, * 5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.).  That Act provides that a federal court may declare the rights and legal relations of any interested party.  The availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  In this case, Plaintiff's request for declaratory relief depends on his potentially viable breach of contract claim.  Accordingly, Plaintiff's request for declaratory relief should not be dismissed.  *See Watson v. Citimortgage, Inc.*, 814 F.Supp.2d 726, 738 (E.D. Tex. 2011) (declining to dismiss the

plaintiff mortgagors' declaratory judgment action because plaintiffs had stated claims against the lender for, *inter alia*, breach of contract).

## III. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss*, Doc. 6, should be **GRANTED IN PART** to the extent that Plaintiff's special relationship/lender liability and conversion claims should be **DISMISSED WITH PREJUDICE**. In all other respects, the undersigned recommends that Defendant's motion be **DENIED**.

**SO RECOMMENDED** on October 28, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8